UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

-------------------------------------------------------x
JARVIS JERNIGAN, :
an individual, : CASE NO.: 19-cv-2787
 :
       Plaintiff, :
 : Judge:
vs. :
 :
 : Magistrate:
 :
KFC CORPORATION, :
 :
       Defendant. :
-------------------------------------------------------x

## COMPLAINT

Plaintiff, JARVIS JERNIGAN, by and through his undersigned counsel, hereby files this Complaint and sues KFC CORPORATION. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, JARVIS JERNIGAN, (hereinafter referred to as "MR. JERNIGAN"), is a person of the age of majority and a citizen of the State of Tennessee.

5. MR. JERNIGAN maintains a residence in Shelby County at 1350 Concourse Avenue,

1

Memphis, Tennessee.

6. MR. JERNIGAN is a qualified individual with a disability under the ADA. MR. JERNIGAN uses a motorized wheelchair or scooter for his primary means of mobility.

7. Due to his disability, MR. JERNIGAN is substantially impaired in several major life activities and requires a motorized wheelchair or scooter to ambulate.

8. Upon information and belief, DEFENDANT is a corporation organized in the state of Delaware and having the domicile of 1900 Colonel Sander Ln, Louisville, Kentucky 40213.

9. Upon information and belief, DEFENDANT is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: KFC, located at the address 1699 Union Ave, Memphis, TN 38104 (hereinafter referred to as "the Property").

10. Upon information and belief, the Property is a restaurant.

11. Mr. JERNIGAN has attempted to visit to the Property to eat.

12. DEFENDANT is obligated to comply with the ADA.

13. All events giving rise to this lawsuit occurred in the Western District of Tennessee, Shelby County, Tennessee.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. JERNIGAN realleges and reavers Paragraphs 1 - 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 1699 Union Ave, Memphis, TN 38104.

16. Upon information and belief, MR. JERNIGAN has visited the Property and desires to visit the Property again in the future.

17. During this visit, MR. JERNIGAN experienced serious difficulty accessing the goods and utilizing the services therein due to many of the architectural barriers discussed in Paragraph 22 of this Complaint.

18. MR. JERNIGAN continues to desire to visit the Property, but will continue to experience serious difficulty due to the barriers discussed in Paragraph 22, which still exist.

19. MR. JERNIGAN lives within a close geographic proximity of the Property. MR. JERNIGAN'S residence is located approximately 1.8 miles from the Property.

20. MR. JERNIGAN plans on returning to the Property to dine.

21. MR. JERNIGAN intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

22. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. JERNIGAN due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A.    The designated-accessible parking space is located next to the dumpsters and consistently contains pools of dumpster juice, causing the designated-accessible parking space and the access aisle to be dangerously slippery;

    B.    The designated-accessible parking space is contains impermissibly steep slopes;

    C.    The access aisle that services the designated-accessible parking space is cracked and uneven with impermissible slopes;

    D.    The access aisle that services the designated-accessible parking space is impermissibly narrow;

    E.    The handrails that service the ramp leading to the entrance do not extend and are located solely on one side of the ramp when there must be handrails on both sides; and

    F.    Other mobility-related ADA barriers to be identified following a complete inspection.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. JERNIGAN with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. MR. JERNIGAN has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MR. JERNIGAN is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, MR. JERNIGAN demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. JERNIGAN pursuant to the ADA; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

**DONATI LAW**
Attorneys for Plaintiff
Bryce Ashby (TN Bar No.: 026179)
1415 Union Avenue
Memphis, TN 38104
901-209-5500
Bryce@donatilaw.com

By:/s/ Andrew D. Bizer
    Andrew D. Bizer